**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **H20 RESORTS INTERNATIONAL, LTD.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 09-2124-CM |
| ) | |
| **STARLITE HOUSEBOATS, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff, H2O Resorts International, initially brought suit against defendants Starlite Houseboats, Inc., Roger Aldis, and Starlite Houseboats, LLC on claims resulting from damage to a houseboat that plaintiff purchased from defendants. Defendant Roger Aldis died on March 27, 2009, and the Estate of Roger Aldis was substituted for defendant Roger Aldis. The defendants have failed to appear or otherwise defend, and the clerk of the court entered default against them as to liability.

Before the court is plaintiff's Verified Application for Entry of Default, (Doc. 11), in which plaintiff seeks an award of $1,090,827, including interest at the rate of 10 percent per annum, plus the cost of this action under Federal Rule of Civil Procedure 55(b).

**I. Factual Background**

On March 12, 2009, plaintiff filed this case alleging breach of contract, lost profits, continuation, breach of warranty, and fraud. Plaintiff's complaint makes the following allegations: Plaintiff entered into a contract with defendants for the purchase and delivery of a luxury houseboat in exchange for $210,000. When the houseboat was delivered it was damaged. Defendants knew

that plaintiff had a contract for an interest in the houseboat valued at approximately $620,000.  In its complaint, plaintiff seeks damages in excess of $75,000, consequential damages, lost profits, expenses for storage, attorney fees, and cost.  The total specific amount of damages set forth in the complaint is $830,000.

Plaintiff's application for default seeks damages in the amount of $1,090,827 plus costs.  In support of its damages request, plaintiff filed the affidavit of its co-owner Philip Weaver.  Mr. Weaver's affidavit sets forth the following damages:

> 3. The price of the boat is $210,000.00.
> 4. H20 lost a re-sale opportunity of £410,000.00 because the boat is unsalable.
> 5. Shipping to the United Kingdom is £29,965.00.
> 6. Storage charges paid through June 8, 2008, to date are £20,257.50. These continuing charges accrue at £46.25 per day, and storage has been since March 28, 2008.  We are unable to insure or use the boat, and so must store the same.
> 7. Engineer charges for the inspection are £924.00.
> 8. Loss of rental income/commission is £9,000.00.
> 9. United Kingdom solicitor fees to investigate the issues involved in recouping the losses is £15,000.00.
> 10. The Director's time to travel, inspect, and otherwise maintain the boat is £1,000.00.
> 11. Total additional fees and costs are £488,146.50.
> 12. The conversion from English Pounds to U.S. Dollars as stated above is $781,660.98[.]
> 13. When added to the cost of the boat of $210,000.00, this makes the total
> damages $991,660.98.

## II. Judgment Standard

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact.  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must

enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928–29 (9th Cir. 2004) (following the First Circuit and reasoning that a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default). The claimed amount of damages must be supported with an affidavit or other evidence of actual damages.

> The entry of default judgment by the court is governed by Rule 55(b)(2). It states:
>
>> In all other cases, the party must apply to the court for a default judgment. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>> (A) conduct an accounting;
>> (B) determine the amount of damages;
>> (C) establish the truth of any allegation by evidence; or
>> (D) investigate any other mater.

Fed. R. Civ. P. 55(b)(2). "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983)). The inquiry does not end just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995). "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atlantic Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.* at *4 (quoting *Adolph*

*Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)). The amount of damages that a plaintiff may recover on default is limited to the amount which the plaintiff claims in the prayer for relief in the complaint. *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

## III. Discussion

Here, plaintiff seeks damages for lost profits and lost income, sums that are uncertain. Because plaintiff seeks damages that are uncertain, the clerk does not have authority to enter default judgment. Thus, the court construes plaintiff's application as a request under Rule 55(b)(2).

The pleadings, supported by the affidavit of Mr. Weaver, set out the amount of damages at $1,090,827, plus costs of this action. But the pleadings do not provide specific documentary evidence or details regarding the amounts requested. For example, plaintiff seeks loss rental income/commission but fails to provide evidence that establishes the amount of lost income. Plaintiff also seeks solicitor fees but does not provide any time records or justification for the amount. And Mr. Weaver's affidavit sets forth £488,146.50 in "additional fees and cost" without any explanation or justification for the fees and costs. In addition to failing to account for the damages sought, plaintiff appears to seek damages in addition to and in excess of those set forth in its complaint. As the court explained in *Albert*, it would be unjust to award by default relief greater than that which plaintiff demanded in the pleadings because if plaintiff had demanded greater relief, defendant might have chosen to defend the action on the merits. 2001 WL 503241, at *1.

Based on the record before it, the court concludes that an evidentiary hearing is necessary to determine the amount of plaintiff's damages. Accordingly, a hearing to determine the amount of

-5-

plaintiff's damages is set for August 25, 2009 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that a hearing to determine the amount of plaintiff's damages is set for August 25, 2009 at 9:30 a.m.

Dated this 14th day of July 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**