# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

H20 RESORTS INTERNATIONAL, LTD. )
)
       **Plaintiff,** )
)
v. )
) No. 09-2124-CM
)
STARLITE HOUSEBOATS, INC., et al. )
)
       **Defendants.** )
)

## MEMORANDUM AND ORDER

On March 12, 2009, plaintiff filed this case for breach of contract, lost profits, continuation, breach of warranty, and fraud, resulting from damage to a houseboat that plaintiff purchased from defendants. Plaintiff initially brought suit against defendants Starlite Houseboats, Inc., Roger Aldis, and Starlite Houseboats, LLC. Defendant Roger Aldis died on March 27, 2009, and the Estate of Roger Aldis was substituted for defendant Roger Aldis. The defendants failed to appear or otherwise defend, and, on June 29, 2009, the clerk of the court entered default against them as to liability. On June 26, 2009, plaintiff filed its Verified Application for Entry of Default, (doc. 11), in which plaintiff sought a default judgment under Federal Rule of Civil Procedure 55(b).

Pursuant to Federal Rule of Civil Procedure 55(b)(2) an evidentiary hearing was held on August 25, 2009, to determine the amount of damages. Based on the evidence and arguments presented, the court found the evidence sufficient to determine and to award damages in the amount of $1,053,589.20. A judgment was entered on August 26, 2009, and amended on September 14, 2009. Now, over nine months later, plaintiff requests that the court "affirm" its judgment, (doc. 23), "so that collection efforts or further litigation might ensue," (doc. 24 at 2). Plaintiff's complaint,

however, is not with this court. For the following reasons, the court denies plaintiff's motion.

After obtaining a judgment in this case, plaintiff (along with other creditors) attempted to force the state receivership for Starlite Houseboats, Inc. into involuntary bankruptcy, *In re Starlite Houseboats, Inc.*, Case No. 09-24200 ("Bankruptcy Proceeding"). The receiver filed a motion to dismiss in the Bankruptcy Proceeding, challenging this court's judgment on the grounds that plaintiff did not obtain service of process on defendants. After a three-day trial on the motion, the Bankruptcy Court found that H20's claim in this court was subject to a bona fide dispute as to liability, and thus, H20 was not a creditor with standing to file an involuntary bankruptcy petition. (Doc. 24, Ex. 2 at 2.) The Bankruptcy Court also found that "even if H20 were such a creditor, the [Bankruptcy] Court would abstain from hearing [the Bankruptcy Proceeding]." (*Id.*) Based on these findings, the Bankruptcy Court dismissed the involuntary Bankruptcy Proceeding.

Plaintiff is also seeking to enforce this court's judgment in the state receivership and probate proceedings in Jackson County, Kansas. No objection to this court's judgment has been raised in either of the Jackson County proceedings. And no objection or motion to set aside the judgment has been filed in this case.

Noting the court's inherent power to regulate the practice before it and to protect the integrity of its proceedings, plaintiff argues that this court has jurisdiction over supplementary proceedings in aid of judgment under Rule 69. Rule 69(a) provides, in pertinent part, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," except when a federal statute governs. Plaintiff has not provided authority for its position and the court has found none.

Plaintiff asserts that the requested order "would assist plaintiff in the collection of the debt owed due to Mr. Aldis and Starlight's international sale of defective merchandise," (doc. 27 at 9), but plaintiff does not say how such an order will be of assistance. As plaintiff admits, no one is challenging this court's order. Plaintiff concedes that "the Order requested of this Court would have no effect on the Bankruptcy Court holding," (*id*.), and the parties in the state court proceedings have not objected to this court's judgment.

Further, even if an order to "affirm" a standing judgment would in some way aid in its execution, the fact that no one is requesting that the court's judgment be set aside would render any opinion issued by the court on this matter merely advisory. Judicial restraint should be exercised to avoid rendering advisory opinions, as it is fundamental that federal courts are limited to deciding issues in actual cases and controversies. *Norvell v. Sangre de Cristo Development Co.*, 519 F.2d 370, 375 (10th Cir. 1975).

The court is not in a position to give plaintiff the relief it seeks. Plaintiff has a valid judgment from this court, which is not being and has not been challenged in this court. Further, there is no pending motion to set aside the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Order of the Court Affirming Judgment and Advising the Court of Issues Raised (Doc. 23) is denied.

Dated this 29th day of June 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**